N. M. SHEFFIELD *et al.*, Appellants, *vs.* CHARLES BALMER *et al.*, Respondents.

1. *Presumptions—Contracts—Violation of law*—When a contract can be performed without any violation of law, it is the legal presumption that it will be so performed, or at least there is no presumption that it will not be so performed.

*Appeal from St. Louis Circuit Court.*

*Amos M. Thayer*, for Appellant.

The contract sued upon did not contemplate the doing of any act prohibited by Section 35, Chap. 206, G. S. 1865.

*Horatio D. Wood*, for Respondents.

This was a contract for the sale of merchandise on Sunday (Smith vs. Wilcox, 24 N. Y. 353).

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace. The action was founded on the following agreement.

"St. Louis, November 24th, 1868. We agree to pay Sheffield, Eaton & Stone, publishers St. Louis *Home Journal*, five dollars per issue for publishing a one hundred (1-3 column) line advertisement for us in their weekly (Sunday) edition every Sunday for one year; said advertisement to be changed at our option. BALMER & WEBER."

The plaintiffs recovered a judgment before the justice for one hundred and fifty-five dollars; from this judgment defendants appealed to the St. Louis Circuit Court. In the Circuit Court at special term defendants recovered a judgment, and from this last judgment the plaintiffs appealed to the general term where the judgment was affirmed, and the plaintiffs appealed to this court.

It appears from the bill of exceptions, that on the trial before the special term of the circuit court plaintiffs read in evidence the agreement herein before set forth, and then gave oral evidence tending to show; that plaintiffs were partners in business under the name of Sheffield & Stone at the commencement of the suit; that after the contract read in evi-

dence was executed, and prior to the suit, Mr. Eaton sold all his interest in the firm of Sheffield Eaton & Stone to plaintiffs : that the advertisement mentioned in the contract was published for one year from and after November 28th, 1868, in the Sunday edition of the St. Louis *Home Journal*, that (31) publications of said advertisment from and after April 17th, 1869, remained unpaid for, amounting to $155. The evidence tended to show that the advertisement was paid for up to April 17th, 1869 : that at that day plaintiffs were ordered to suspend the advertisement, that sometime prior to April 17th, 1869, defendants had ordered a change to be made in the advertisement, which change plaintiffs did not make for the space of one or two weeks, but afterwards made, and continued to publish the advertisement as changed until the expiration of the year : that at the date of the contract two editions of the *Home Journal* were published, one edition was dated on Sunday, the other on Saturday, that except as to the date, the editions were identical, but each was furnished to a different list of subscribers, that both editions were published on Saturday afternoon, and mailed on that day to subscribers; that copies of the Sunday edition were sold to subscribers on Sunday morning at plaintiffs office. Further proof was offered to prove, that, in January or February 1869, the two editions were consolidated, but the paper retained the same name and appearance, was printed and mailed on the same day as before, and was sold on Sunday morning as before : that the 31 publications sued for were inserted in the consolidated edition, which was dated on Saturday; that plaintiffs failure to make immediate change in the advertisement desired by the defendant, was occasioned by the wood cut furnished by the defendants being too wide for the columns of the paper : that the change was made as soon as the wood cut was cut down to fit the press : that all of the work performed on the paper was done on week days. The evidence also tended to prove; that the plaintiffs were notified to suspend the advertisement shortly after plaintiffs had neglected to make the change in the advertisement as di-

rected : that the defendants knew nothing about the consolidation of the Saturday and Sunday editions, until the trial of this case.

The court at the close of the evidence, at the request of the plaintiffs, declared the law to be as follows :

"If the court find from the evidence, that after the consolidation of the two issues of the "Weekly Home Journal" the defendants advertisement was retained and published in such consolidated issue, theretofore known as the Sunday edition, retained the same appearance, character and name, and was mailed to the same subscribers, and sold on the same days as before such consolidation ; that is to say, if the court find that the consolidation amounted simply to the consolidation of the two lists of subscribers, and altering the date one day, without changing the name or time of publication of such paper, then such consolidation and publication of the advertisement in such consolidated issue was not a violation of the contract in evidence."

The court at the request of the defendants declared the law to be as follows :

"If the court believe from the evidence, that by the terms of the contract sued upon, the plaintiff agreed to publish advertisement in a newspaper of this state to be issued, sold, or circulated upon Sunday, that the plaintiff is not entitled to recover."

To the giving of this instruction the plaintiffs at the time excepted. The court having found for the defendant, plaintiff in due time filed his motion for a new trial, stating as grounds for said motion, that the court erred in making the declaration of law at the request of the defendant, and in giving judgment for the defendant, and other causes. This motion being overruled, they again excepted, and the cause is here to be reviewed.

It is insisted by the respondent in this court, that the contract sued on is void, being in violation of the 32d and 35th sections of Wagner's Statutes, page 504. It is contended, that by the contract the appellant agrees to violate said statute,

and to do the acts prohibited thereby, and that the same cannot therefore be enforced by the law. There is no doubt but that, if the plaintiff has agreed to do anything by the contract, which is prohibited by the law, and particularly where there is a penalty affixed to the doing of the act, the contract would be void, and no recovery could be had thereon: but the question is, did the contract sued on require or contemplate the doing of an illegal act. The act referred to is as follows, '§ 32. Every person who shall either labor himself, or compel or permit his apprentices or servants or any other person under his charge or control to labor or perform any work, other than the household offices of daily necessity or charity, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding fifty dollars.

§ 35. Every person, who shall expose for sale any goods, wares or merchandise, or shall keep open any ale or porter-house, grocery or tipling shop &c., on the first day of the week, commonly called Sunday, shall on conviction be adjudged guilty of a misdemeanor and find not exceeding fifty dollars."

The contract sued on does not require the plaintiffs, either expressly or by any necessary inference, to violate this statute. It is not required that an hour's work shall be performed on Sunday. The advertisement is required to be published in the weekly (Sunday) edition of the paper every Sunday. Now this may all be done, and the contract be completely performed, without violating the law by performing labor on Sunday in the least degree, and if the contract can be performed without any violation of law, then it is only a natural and legal presumption that it will be so performed, or at least there is no legal presumption that it will not be so performed, and in fact the evidence in this case shows, that the work in getting up, printing, and mailing, of the Sunday edition was always done on Saturday, so that the 32d section of the statute need not be violated by the performance of the contract unless it would be unlawful to place the papers where sub-

scribers could get and read them on Sundays, which I suppose will not be pretended.

But it is contended, that the evidence shows that papers of this edition of the paper were sold on Sunday: and that such sale of the paper at the office of the plaintiffs was in violation of the 35th section of the statute above set forth. I will not stop to inquire, whether such sale of newspapers comes within the prohibitions contained in the statute or not. It is enough for the present purpose to see, that by the terms of the contract no such sale is required by the plaintiffs, or even remotely referred to. No one after looking over this contract will say, that the plaintiffs could not completely perform the contract, on their part, without ever selling a single paper, either on Sunday or any other day: all that is contemplated by the contract is, that the advertisement shall be published in the paper, and sent to the subscribers thereto. From this view of of the case it will be seen, that there is no evidence in the case, upon which any instruction on the subject could be predicated. The contract does not admit of such a construction. The instruction says, that "if the court believes from the evidence, that by the terms of the contract sued on, the plaintiff agreed &c." What evidence the court refers to, by which it is to believe, that the *terms of the contract* are one way or the other, it is difficult to say. Surely the contract itself is the best evidence of its terms, and when we refer to it there is nothing in it to justify such a declaration of law. It seems that the case has been tried on an entire misconstruction of the contract. It is not therefore necessary to notice any further point in the case, but for the reason aforesaid, the judgment ought to be reversed.

Judge Wagner absent, the other judges concurring, the judgment is reversed, and the case remanded.