N. M. SHEFFIELD *et al.*, Respondents,*v.* CHARLES BALMER. *et al.*, Appellants

February 14, 1876.

B agreed with A to pay him a certain sum for making a certain publication in the Sunday edition of a named periodical, for one year. In the course of the year A discontinued the Sunday edition, and continued the publication in the Saturday edition. B soon afterwards ordered the discontinuance of the publication, and paid for so much of it as had been made before the date of the order. A, however, continued the publication until the end of the year, and then sued to recover the balance of the sum fixed by the original contract. *Held*, that he could not recover.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Hor. D. Wood*, for appellants, cited: Helm *v.* Wilson, 4 Mo. 41; Downey *v.* Burke, 23 Mo. 228; Marsh *v.* Richards, 29 Mo. 99; Stout *v.* Tribune Co. 52 Mo. 347; Sheffield *v.* Balmer, 52 Mo. 477; Franz *v.* Hildebrand, 45 Mo.

121; Camp v. Heelan, 43 Mo. 591; Taylor v. Beck, 13 Ill. 376; Wag. Stat. 504, secs. 32, 35; State v. Adams, 20 Mo. 214; Smith v. Wilcox, 24 N. Y. 353; Fennel v. Ridler, 5 B. & C. 406; Bernard v. Luepping, 32 Mo. 341; Peltz v. Long, 40 Mo. 532; Bloom v. Richards, 2 Ohio St. 387.

*Amos M. Thayer*, for respondents, cited: 52 Mo. 474; 1 Wag. Stat. 504, secs. 32, 35.

GANTT, P. J., delivered the opinion of the court.

This was an action on a contract in the following words and figures:

*" St. Louis, November 24, 1868.*

" We agree to pay Sheffield, Eaton & Stone, publishers St. Louis *Home Journal*, five dollars per issue for publishing a hundred (1-2 column) line advertisement for us in their weekly (Sunday) edition, every Sunday, for one year. Said advertisement to be changed at our option.

" BALMER & WEBER."

At the time this contract was made there were two editions of the *Home Journal*, one dated and issued on Saturday, the other on Sunday. The Saturday edition was struck off on Saturday morning; the Sunday edition on Saturday afternoon, and before 12 o'clock at night. There were separate lists of subscribers. The advertisements in the editions were different. The editorials were the same in both. The local news was different. Some preferred the Sunday edition as an advertising medium, people having more time to read on Sunday. The Sunday edition was delivered on Sunday morning to carriers and newsboys. Office was kept open for this purpose on Sunday. In February, 1869, the two editions were consolidated, and the advertisements sued for were printed in the consolidated edition, dated on Saturday. In April, 1869, defendants desired a change in the advertisement, which not being made, they paid up all that was due for advertising up to that time, and directed discontinuance of the advertisement. The suit is for advertisement since that date; or for the

sum which would be due under the contract for advertisements, if made pursuant to the contract.

, Several instructions were asked by the defendants, three of which assailed the contract as invalid because it contemplated the doing of work on Sunday, and because plaintiff sought to recover for work actually done on Sunday. The fourth asked the court to declare that the plaintiffs could not recover for advertisements published, without defendants' consent, in the Saturday and not in the Sunday edition. All these the court refused.

The court also was asked by plaintiffs to declare that, if the consolidated Saturday edition retained the same columns of local news that was customarily published in the Sunday edition, then the consolidation did not bar plaintiffs' right to recover under the contract.

1. We will not touch the question of this contract being void for the reason that it contemplated work on Sunday, against the prohibition of the statutes of Missouri. The Supreme Court, in 52 Mo. 474, declared that this contract did not, in terms or necessarily, contemplate a violation of the statute, and it is in evidence here that no Sunday edition was published after February, 1869 ; while all money which could in any event be due under the contract up to April, 1869, has been paid. No question of a violation of the Sunday laws can arise in respect of a paper printed and distributed on Saturday.

2. The defendants stipulated for publication in an edition to be dated and published on Sunday. The plaintiffs disabled themselves from performing the contract to make such publication. At any rate, they did not perform it, and, as we gather from the record, the action is brought for advertisements which the defendants ordered to be discontinued in April, 1869, paying at the time for all that had been made up to the date of the order of discontinuance.

If defendants, knowing of the consolidation, had explicitly or impliedly authorized the insertion of the advertisements

in the Saturday edition, plaintiffs might recover a reasonable price for such services. But, clearly, this was something very different from what the defendants bargained for. If in April, 1869, defendants ordered the advertisements to be discontinued, for any cause, and paid up all that was due for advertising up to that time, there being no Sunday edition of the *Home Journal* after February, 1869, defendants were not thereafter liable on the contract. This would be still more certainly and plainly the law if defendants were not cognizant of the consolidation, and the discontinuance of the Sunday edition. The judgment of the Circuit Court is reversed and the cause remanded. The other judges concur.