THE GERMAN BANK v. STUMPF, *Appellant*.

1. **Deed of Trust Sale**: EVIDENCE. Where the testimony was that a sale was made at the court house " under the deed of trust;" *Held*, that in the absence of even a suggestion to the contrary, the jury were warranted in inferring from this that the sale was in conformity to the deed.

2. ———— : SELLING IN MASS. The mere fact that property which is susceptible of division has been sold in mass, will not render a trustee's sale void. It is only where substantial injury has been in-

| 73 | 311 |
| 49a | 127 |
| 73 | 311 |
| 54a | 324 |
| 73 | 311 |
| 129 | 131 |
| 131 | 580 |
| 73 | 311 |
| 154 | 158 |
| 73 | 311 |
| 157 | 214 |
| 73 | 311 |
| e178 | s574 |

flicted by failure to subdivide and sell in parcels, that a court of equity will set aside the sale.

3. ———: NOTICE. Where a deed of trust requires thirty days notice of sale to be given by publication in a daily paper, thirty days must intervene between the first publication and the day of sale: but while it is customary and prudent, it is not essential that the notice appear in every issue of the paper. The omission to make continuous publications will authorize the setting aside the sale only where it is of such a character or is attended by such circumstances as to mislead the public and work injury to the party whose property is sold.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Kehr & Tittman* for appellant.

The principle is undisputed and fundamental, that directions in powers of sale must be strictly, literally and precisely pursued, and admit of no equivalent or substitution, however unessential they might otherwise have been. 2 Am. Law Reg., (N. S.) pp. 713, 714. And if the power has not been executed according to essential conditions, the sale and deed will be held void both at law and in equity. *Eitelgeorge v. Mut. H. B. Asso.*, 69 Mo. 55. Of all the requisites constituting a valid exercise of the power of sale and of the conditions precedent to give validity to the deed, respondent proved only that the trustee made the sale; that he made it on the 23rd day of October, 1876; that the respondent became the purchaser, and that a deed was made to it as such purchaser. The deed was not evidence, nor was it otherwise proved: 1st. That a sale was desired by the holder of said note; 2nd. That the trustee gave thirty days' public notice by advertisement in some daily newspaper; 3rd. That he gave thirty days' public notice by advertisement in some daily newspaper printed and published in the city of St. Louis; 4th. That he sold at the east front door of the court house, in the city of St. Louis; and 5th. That he sold between the hours mentioned

in the notice of sale. These were all essential prerequisites to the validity of the deed, and without proof of them the deed was not admissible in evidence. *Haskell v. Bartlett*, 34 Cal. 283; *Stine v. Wilkson*, 10 Mo. 96; *Bunce v. Reed*, 16 Barb. 352; *Dakins v. Wagner*, 3 Dowl. 535; *Delogney v. Smith*, 3 La. 418; *Scammon v. Chicago*, 40 Ill. 146; *Martin v. Paxson*, 66 Mo. 260; *Dutton v. Cotton*, 10 Iowa 408. The property, having been conveyed in separate lots, should have been sold separately by the trustee, and not in bulk. *Chesley v. Chesley*, 49 Mo. 540; *Carter v. Abshire*, 48 Mo. 300; *Tatum v. Holliday*, 59 Mo. 422.

*B. E. Rombauer* for respondent.

1. The trustee was not bound to sell the property in parcels, not being requested to do so by any one, and it not being shown, or even claimed, that the property would have brought more if sold in parcels. *Benkendorf v. Vincenz*, 52 Mo. 443.

2. The notice of sale was sufficient. The deed required thirty days' public notice, and at least thirty-one days' public notice was given. Time of notice is determined from day of first insertion to day of sale. *Kellogg v. Carrico*, 47 Mo. 157; *Leffler v. Armstrong*, 4 Iowa 482. And the coincidence of days of the week with the days of the month, is a fact of which courts take judicial notice. 1 Greenleaf Ev., § 5.

3. No exceptions were saved to the admission of testimony. Defendant's objections to the admission of testimony did not specify any objections, and this court will not review them. *McCartney v. Shepard*, 21 Mo. 573; *Clark v. Conway*, 23 Mo. 438; *Grimm v. Gamache*, 25 Mo. 41; *Rosenheim v. America Ins. Co.*, 33 Mo. 230; *State v. King*, 44 Mo. 238.

HOUGH, J.—This was an action of ejectment. The plaintiff claimed title as purchaser at a sale made under a deed of trust executed by the defendant. There was no

provision in the deed of trust making the recitals in the trustee's deed evidence of the facts stated, except as to notice. The deed of the trustee to the plaintiff was read in evidence, and notwithstanding the recitals as to notice therein contained, the plaintiff also introduced the notice of sale and an affidavit of the publishers of the "St. Louis Daily Journal," a newspaper printed in the city of St. Louis, that the notice was published in said paper twenty-eight times, the first insertion being on the 22nd day of September, 1876, and the last insertion on the 22nd day of October, 1876, the day before the sale. No publication of the notice was made on Monday, September 25th, Monday, October 9th, and Monday, October 16th. The default of the defendant in the payment of the sum secured by the trust deed was admitted by him at the trial.

There was testimony that the property was sold by the trustee at the court house "under the deed of trust," and

1. DEED OF TRUST SALE: evidence. in the absence of even a suggestion to the contrary, the jury were warranted in inferring from this testimony that the trustee made the sale in conformity with the requirements of the deed. The defendant introduced no testimony. There was a verdict and judgment for the plaintiff.

The principal objections relied upon are that the notice was insufficient, and that the property was sold in mass,

2. ———: selling in mass. when it should have been subdivided and sold in lots. The mere fact that property which is susceptible of division, has been sold in mass, will not render a trustee's sale void. It is only where substantial injury has been inflicted by a failure to subdivide and sell in parcels, that a court of equity will interfere and set the sale aside. *Kelly v. Hurt*, 61 Mo. 469. If no steps be taken to avoid such a sale, it must, of course, be regarded as valid.

In regard to the notice, we are of opinion that the omission to publish it on the three days named, does not

3. ———: notice. render the sale void. But for the statement

in the affidavit read, that the notice was published on Monday, October 2nd, which may be a mistake, we would suppose the St. Louis Journal was one of those daily papers, which, in order to avoid the necessity for laboring on Sunday, is not published on Monday. It is unnecessary, however, to make any conjectures upon the subject. When thirty days' notice is required, thirty days should, of course, intervene between the first publication and the day of sale, and although it may be customary and prudent to continue the notice in every issue of the paper from its first insertion to the day of sale, yet it has been expressly decided that "thirty days' notice in a daily paper" does not mean thirty days' daily notice in such paper. *White v. Malcolm,* 15 Mo. 543. *Vide* also, *Johnson v. Dorsey,* 7 Gill 286; *Leffler v. Armstrong,* 4 Iowa 482. We think, however, that where the notice has not appeared in every issue of the paper from its first insertion to the day of sale, and the omission to make continuous publication thereof is of such a character, or is attended by such circumstances as to mislead the public and work injury to the party whose property is sold, the sale may be set aside. *Stine v. Wilkson,* 10 Mo. 96. To avoid such a contingency, therefore, in all cases where notice is required to be published in a daily paper, the notice should be published in every issue of such paper from the first insertion up to and including the day of sale. Being satisfied that there is no merit in the defense made in this case, we affirm the judgment with ten per cent damages. The other judges concur.