THE STATE ex rel. CHARLES E. CLAYTON v. EWING C. BLAND et al., Judges of Kansas City Court of Appeals.

In Banc, November 20, 1923.

1. CONTRACT: To Be Completed in 130 Days: Computation of Time: Sundays Included. In computing the time within which a public work is to be completed, under a contract requiring the contractor to complete the work within one hundred and thirty days and making time of completion an essential condition, Sundays are to be counted, and the work must be completed within one hundred and thirty days including Sundays.

2. ———: ———: ———: ———: Exception: Violation of Statute Prohibiting Work on Sunday. The contract for the paving of a street required the work to be completed within one hundred and

State ex rel. Clayton v. Bland.

thirty days, and to be "prosecuted regularly and uninterruptedly," the "rate of progress and time of completion being essential conditions," but the time fixed for completion to "be extended for such length of time as the contractor may be actually and necessarily prevented from pursuing said work by reason of bad weather, a general strike of his employees, or injunction against him." Excluding all Sundays from the count the work was completed within one hundred and thirty days, but otherwise not. *Held,* that it is clear that the contract, by excepting bad weather, injunctions and strikes, did not except Sundays from the computation, and there being no express exception of Sundays they must be counted; and said contract did not require work to be done on Sundays and was not violative of the statute prohibiting work on Sunday, but meant that the work must be performed within the work days embraced in the one hundred and thirty days after the days consumed by strikes, bad weather and injunctions are eliminated, and the contract not having been performed within such one hundred and thirty days a suit on a special tax-bill issued in payment for the work must fail; and the opinion of the Court of Appeals, ruling that Sundays must be excluded from the computation and that if not excluded the contract violated said statute, contravened many decisions of the Supreme Court.

## Certiorari.

OPINION OF COURT OF APPEALS QUASHED.

*Strop & Silverman* for petitioner.

(1)   The rule adopted in this State for the computation of time is that Sundays and holidays are to be counted, except where excluded by statute or by necessary implication. In ruling the contrary in the case at bar, the Court of Appeals has failed to be governed by the following controlling cases of this court:   Curtice v. Schmidt, 202 Mo. 703;   State ex rel. v. Smith, 177 Mo. 69; State v. Railroad, 239 Mo. 239 to 247; State v. Green, 66 Mo. 644; Patchin v. Bonsack, 52 Mo. 431.   (2)   In ruling that "in the face of the statute forbidding labor on Sunday, the contract must be construed as having excluded Sundays from the one hundred and thirty days specified therein," the Court of Appeals failed to follow the controlling decision of this court in Sheffield v. Balmer, 52 Mo. 474. (3) The Court of Appeals has failed to

give to the words of the contract their plain, ordinary and usual sense, and in so doing has failed to follow controlling decisions of this court. Liggett v. Bank, 233 Mo. 601; State ex rel. v. Ellison, 266 Mo. 590; Donovan v. Boeck, 217 Mo. 87; Patchin v. Bonsack, 52 Mo. 433.

*John E. Dolman* for respondents.

(1) Whether the construction of the contract by the Court of Appeals be correct or incorrect this court has no authority to quash its judgment on that ground. State ex rel. v. Reynolds, 233 S. W. 485; State ex rel. v. Allen, 236 S. W. 870; State ex rel. v. Reynolds, 230 S. W. 642; State ex rel. v. Allen, 242 S. W. 78; State ex rel. v. Reynolds, 272 Mo. 588; State ex rel. v. Reynolds, 214 S. W. 369; State ex rel. v. Allen, 246 S. W. 540. (2) The last previous decision of this court concerning the computation of time and wherein the statute prohibiting labor on Sunday is applied, is the case of Porter v. Paving Co., 214 Mo. 1, cited and followed by the Court of Appeals in its opinion, and which case, as stated by that court in its opinion, was approved by this court in State v. Railroad, 239 Mo. 1. c. 246. (3) In State v. Railroad, 239 Mo. 196, cited by petitioner as one of the last controlling decisions of this court, announcing a different rule than that announced in the Court of Appeals' decision in the case at bar, is not applicable in any respect, the only question decided being that the running of passenger trains upon Sunday was a work of necessity and therefore came within the exception stated in the Sunday Statute. (4) The Sunday Statute was not involved in Curtice v. Schmidt, 202 Mo. 703, or in State ex rel. v. Smith, 177 Mo. 69, cited by petitioner in support of his contention. (5) The case of State v. Green, 66 Mo. 631, cited by petitioner, has reference to time in which to make challenge of jurors, does not involve the Sunday labor statute, and is in no wise similar to the case at bar, either upon the facts or the principal of law announced. The same is true of the case of Patchin v. Bonsack, 52 Mo. 431, cited by petitioner. (6) The only case cited by petitioner

in his brief which involves the Sunday Statute in the performance of a contract is Sheffield v. Balmer, 52 Mo. 474, and that case decides squarely against his contention and upholds the Court of Appeals in this case in its construction of the contract under consideration. In holding that "in the face of the statute forbidding labor on Sunday we hold that the contract must be construed as having excluded Sundays from the one hundred and thirty days specified therein" the Court of Appeals followed the foregoing decision of this court.

RAILEY, C.—This is a proceeding in *certiorari* to review a judgment of the Kansas City Court of Appeals, in an action lately pending in said court, in which A. W. Van Hafften was respondent, and Charles E. Clayton et al. were appellants, which had for its purpose the enforcement of a special tax bill. The facts, as stated in the opinion of the Court of Appeals, are as follows:

"The evidence shows that the contract for the performance of the work was awarded September 24, 1914, and that the work was to be completed within 130 days thereafter. The report of the inspector for the city engineer showed that the work was completed on October 22, 1915, though plaintiff contends that the work actually was completed six days earlier. The provisions of the contract material to the issues here involved are:

" ' '(Six). The work embraced in this contract shall be begun within ten days after this contract binds and takes effect, and shall be prosecuted regularly and uninterruptedly thereafter with such force as to insure its full completion within one hundred and thirty days from the date of the award; the time beginning, rate of progress and time of completion being essential conditions of this contract.

" '(Seven). The time fixed for the completion of this work shall be extended for such length of time as the contractor may be actually and necessarily prevented from pursuing said work by reason of bad weather, a general strike of his employees, or injunction against him.' "

It is contended by relator that the ruling of the Kan-

Said opinion further states, that:

"The evidence tends to show that the contractor was prevented from pursuing the work by an injunction issued out of the Circuit Court of Buchanan County during the period from October 7, 1914, and May 24, 1915, in the case of Lizzie McQueen v. R. W. Van Duzen et al. This delay is conceded by defendants. The testimony further shows that the work was stopped on account of rain, during the life of the contract, for a period of twenty-five days, and that the total number of Sundays intervening from September 24 to October 7, 1914, and from May 24 to October 22, 1915, is twenty-three. Eliminating the period during which the injunction was in force it appears 165 days elapsed between the date of the award and the date of the completion of the improvement. Plaintiff contends the work was completed within the specified 130 days, counting twenty-five days bad weather, and Sundays and holidays occurring within said period."

After reviewing certain authorities, the Court of Appeals, per ARNOLD, J., in his opinion, said:

"It must be conceded the Legislature had authority to declare what acts of labor are necessary, within the meaning of the statute. Reasoning from this basis, it necessarily follows that since work of the nature specified in the contract could not legally be performed on Sunday, the clause in the contract to the effect that the pavement must be completed within 130 days could not have included Sundays."

Said opinion concludes as follows:

"In the face of the statute forbidding labor on Sunday, we hold that the contract must be construed as having excluded Sundays from the 130 days specified therein and that the pavement was completed within the time limit of the contract. The other points raised in the briefs need not be discussed, as it is conceded by defendants that if Sundays are excluded, the contract was completed within the specified time."

sas City Court of Appeals, in respect to foregoing matter, is in conflict with prior and controlling decisions of this court hereafter mentioned.

I.   Paragraphs six and seven of the contract before the Court of Appeals are heretofore set out and speak for themselves.   Three things are stated in paragraph seven, supra, which should not be counted, in determining whether the contract had been completed within the 130 days provided in paragraph six.   The Court of Appeals, in disposing of the case, said:

Computation of Time: Exclusion of Sunday.

"In the face of the statute forbidding labor on Sunday, we hold that the contract must be construed as having excluded Sundays from the 130 days specified therein and that the pavement was completed within the time limit of the contract.   The other points raised in the briefs need not be discussed, as it is conceded by defendants, that if Sundays are excluded, the contract was completed within the specified time."

On the other hand, it appears from said opinion that if Sundays are not excluded, the contract was not complied with and the judgment should not have been affirmed.   The ruling of the Court of Appeals is based upon Section 3596, Revised Statutes 1919; Porter v. Paving Co., 214 Mo. 1 and following, and State v. Railroad, 239 Mo. 1. c. 244-6.   It is contended by relator that the above ruling is in conflict with Sheffield v. Balmer, 52 Mo. 474; Lamar W. & E. L. Co. v. City of Lamar, 128 Mo. 1. c. 199; Bank of Commerce v. F. M. & E. Co., 268 Mo. 1. c. 575.

As above stated, the contract in express terms provides that delay by reason of bad weather, a general strike of his employees, or injunction against him, should not be counted as a part of the 130 days, but it is entirely silent as to Sundays.   Passing by the maxim of the law, *Expressio unius est exclusio alterius*, and considering the matter from another viewpoint, we find from the undisputed facts stated in the opinion that the plaintiff in said cause, regardless of the twenty-three Sundays sought

to be excluded, had to his credit more than 100 working days in which to complete said work and, hence, was not required by the contract to work on Sunday.

- In Bank of Commerce v. Flanagan Mills, supra, the court en banc said:

"It is one of the well-settled rules of construction that if a contract is fairly susceptible of two constructions, one making it legal and the other illegal, we should give it the construction which would make it effective and legal, rather than the other. [Lamar Water & E. L. Co. v. Lamar, 128 Mo. 188.]"

In the Lamar Case, BLACK, J., on page 199, said:

"It was said in Sheffield v. Balmer, 52 Mo. 474, 477: 'If the contract can be performed without any violation of law, then it is only a natural and legal presumption that it will be so performed, or at least there is no legal presumption that it will not be so performed.' Where a contract is fairly open to two constructions, by one of which it would be lawful and the other unlawful, the former construction should be adopted. [Hobbs v. McLean, 117 U. S. 567, 6 Sup. Ct. Rep. 870; Archibald v. Thomas, 3 Cow. 284.] But when the language imports illegality, the courts should not construe it in a different sense, for that would be to make a contract for the parties which they have not made themselves. [2 Pars. on Cont. (7 Ed.), 505.]"

The case of Sheffield v. Balmer, 52 Mo. 474, was the basis for both the above opinions. The agreement sued on in the Sheffield Case reads as follows:

"St. Louis, November 24, 1868. We agree to pay Sheffield, Eaton & Stone, publishers St. Louis *Home Journal*, five dollars per issue for publishing a one hundred (1-3 column) line advertisement for us in their weekly (Sunday) edition every Sunday for one year; said advertisement to be changed at our option."

The defendant in the above cause invoked Sections 32 and 35 of Wagner's Statutes, page 504, which read as follows (52 Mo. 477):

''Sec. 32. Every person who shall either labor himself, or compel or permit his apprentices or servants or any other person under his charge or control to labor or perform any work, other than the household offices of daily necessity or charity, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding fifty dollars.''

''Sec. 35. Every person, who shall expose for sale any goods, wares or merchandise, or shall keep open any ale or porter house, grocery or tippling shop, etc., on the first day of the week, commonly called Sunday, shall on conviction be adjudged guilty of a misdemeanor and fined not exceeding fifty dollars.''

The above are very similar to Sections 3596 and 3599, Revised Statutes 1919.

The trial court sustained defendant's construction of said contract, and held it to be illegal. This court, in the Sheffield Case, 52 Mo. 474, in reviewing the above questions, said at page 477:

''The contract sued on does not require the plaintiffs, either expressly or by any necessary inference, to violate this statute. It is not required that an hour's work shall be performed on Sunday. The advertisement is required to be published in the weekly (Sunday) edition of the paper every Sunday. Now this may all be done, and the contract be completely performed, without violating the law by performing labor on Sunday in the least degree, and if the contract can be performed without any violation of law, then it is only a natural and legal presumption that it will be so performed,'' etc.

This court reversed the trial court, and upheld the validity of said agreement.

It is one of the maxims of the law, that: ''The express mention of one thing implies the exclusion of another.'' The contract is not ambiguous. It required the work to be done in 130 days, but gave the contractor the right to exclude the time lost, by reason of bad weather, strike of the employees, and delay by injunction,

but did not give him the right to deduct Sundays, in computing said time. Furthermore, it is the settled law of this State, as declared in Harrison v. Ry. Co., 74 Mo. l. c. 371, as follows:

"The contract sued upon by plaintiff was an unconditional agreement on defendant's part to furnish cars on a day certain for the purpose of shipping on that day 194 head of cattle. Where a party by contract agreed to do a prescribed thing in a prescribed time, he is liable for non-performance of the contract, notwithstanding the fact that his non-fulfillment of the contract was occasioned by inevitable and unavoidable accident."

The principle of law just announced covers this case. The contract in question violated no law. The contractor had more than 100 working days in which to finish his contract. He provided for the exclusion of other matters, but not for Sundays, and having made a valid contract, without providing for the exclusion of Sundays, he was not entitled to have the latter excluded. The authorities cited and relied upon by the Court of Appeals do not meet the conditions heretofore mentioned. We are of the opinion that the ruling of the Court of Appeals is in conflict with the principles of law announced in the cases from which the foregoing quotations have been taken, and by reason thereof its record should be quashed.

II. It is further contended by relator that the opinion of the Court of Appeals is in conflict with the following decisions of this court, to-wit: Patchin v. Bonsack, 52 Mo. 431; State v. Green, 66 Mo. 631, l. c. 644; State ex rel. v. Smith, 177 Mo. 69; Curtice v. Schmidt, 202 Mo. 703; State v. Railroad, 239 Mo. 196, l. c. 239-247.

*Application to Contracts: Exceptions.*

In considering the above cases, as well as those relied on by the Court of Appeals, we should keep constantly in mind the question as to whether the terms of the contract, if strictly construed, require work or labor to be performed on Sunday; or whether, as under the cir-

cumstances of this case, the contractor had ample working days, in which to perform the contract, without laboring on Sunday.

In Patchin v. Bonsack an appeal was taken in a justice's court on the 7th day after the rendition of the judgment, when the statute at that time required it to be taken in six days. The appellant contended that Sunday should be excluded in computing the time in which the appeal was authorized to be taken. SHERWOOD, J., referred to our statute, Section 7058, Revised Statutes 1919, which provides, that: "Words and phrases shall be taken in their plain or ordinary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." In disposing of the question at issue, SHERWOOD, J., on page 433, said: "The accident of Sunday intervening has nothing to do with the proper construction of the act in question. The words of the statute respecting the number of days in which an appeal is to be perfected are general, and therefore must receive a general construction and no exceptions, save those enumerated in that act or *in pari materia* are to be allowed." In other words, he applied the maxim, "*Expressio unius est exclusio alterius*," as well as the rule declared in Harrison v. Railway Co., supra, relating to contracts, in which we held that the contracting party must protect himself by exceptions, or be bound by the terms of the contract. It is evident from the most casual reading of same, that the opinion of the Court of Appeals, is in irreconcilable conflict with the ruling of Judge SHERWOOD in the above case.

In State v. Green, 66 Mo. 631, NORTON, J., was construing a statute which placed legal holidays, for certain purposes, on the same plane with Sunday. The defendant was charged with murder and, on November 28th, was furnished with a list of the jurors, from which to make his challenges. The court required him to make his challenges on November 30th. The 29th day of said month

was a legal holiday, and defendant claimed it should have been excluded, in computing the time allowed him by law for making challenges. Judge NORTON, at page 645, in passing on the question, said: "If such holidays are to be considered as Sunday for all general purposes, they would still be counted in computing statute time, unless expressly excepted." In other words, Judge NORTON applied the same rule in construing the statute that he applied in Harrison v. Ry. Co., 74 Mo. l. c. 371, supra, in construing a contract where the defendant had not protected itself against unforeseen accidents. This case, like the preceding one, is in conflict with the opinion of the Court of Appeals herein.

The ruling of this court in State ex rel. v. Smith, 177 Mo. 69, is inapplicable to the facts before us.

In Curtice v. Schmidt, 202 Mo. 707 and following, the plaintiff commenced an action in the circuit court to enforce the collection of an installment tax-bill issued by Kansas City on April 29, 1897. Judgment went for plaintiff in the circuit court, and was reversed by the Court of Appeals. The case was certified here under the mandate of this court, 177 Mo. 69, on the ground that a constitutional question was involved. Section 2 of Article 9 of the Kansas City Charter (202 Mo. 713), among other things, provides, in reference to public improvements, that: "When the work shall be so recommended by the Board of Public Works and so ordered by the Common Council as last above mentioned, the resident owners of the city who own a majority in front feet of the lands belonging to such residents and fronting on such street, . . . on part thereof to be improved, shall have the right to select the material with which such street . . . or part thereof shall be paved from not less than two kinds of materials, to be designated by the Board of Public Works. Such selection to be made by them within ten days after such ordinance shall have taken effect and been published for ten days in the newspaper at the time doing the city printing, which selection shall be by petition

addressed and delivered to the board of public works."
GRAVES, J., on page 714, in reviewing the case, said: "Under the charter provision, and the ordinance the petition was not filed within the ten days allowed, unless Sunday be excluded in computing the time. This should not be done. Sunday should be counted. [City of St. Joseph ex rel. v. Landis, 54 Mo. App. 315; Clapton v. Taylor, 49 Mo. App. 117; German Bank v. Stumpf, 73 Mo. 315; State v. Green, 66 Mo. 631.]" The conclusion reached by Judge GRAVES, supra, leaves no room for doubt as to its meaning. It is a clear, forceful statement of the law, and is directly applicable to the facts before us in respect to a similar subject. The opinion of the Court of Appeals is in direct conflict with the rule of law declared by GRAVES, J., in the foregoing case.

In State v. Railroad, 239 Mo. l. c. 208, the court en banc had before it the construction of the Laws of 1907, page 180, wherein Section 1 of said act, required all railroad companies in the State, under certain conditions, to run at least one passenger train each way every day over all lines, etc. An information was filed against the defendant company charging it with a violation of the above act. It was contended by the company that said act should not be so construed as to include Sundays, for if Sunday be included, it would require the railroad company to violate the provisions of Section 2240, Revised Statutes 1899 (Sec. 3596, R. S. 1919), by working on the Sabbath. A majority of the court held that Sunday should be included in construing said act. In the above case, WOODSON, J., at pages 246-7 after setting out the quotation from Judge GANTT's opinion in Porter v. Paving & Construction Co., 214 Mo. l. c. 15 (found in the opinion of the Court of Appeals and adopted by it as the basis for the conclusion reached), has this to say: "There is a concensus of opinion among all of the authorities to the effect that a statute dealing with the days of the week includes Sundays unless they are expressly excluded thereby, or where by some act the nature of which by nec-

essary implication excludes them, such, for instance, as the statute requiring a motion for a new trial to be filed within four days after verdict. In that case the motion must be filed in open court, as court cannot be in session on Sunday; consequently under such a statute Sunday must be excluded by necessary implication, but in all other cases not specially excluded by statute, Sundays are included." The conclusion reached by the majority of the court in the above case is clearly in conflict with the opinion of the Court of Appeals in the case before us.

We will now turn to a consideration of Porter v. Paving & Construction Co., 214 Mo. 1, and following, relied upon by the Court of Appeals. The plaintiff sued in equity to cancel certain tax bills issued against his property in Kansas City, Missouri. The petition charges, 214 Mo. l. c. 6: "That the notice of the letting of the contract was not published ten successive days within the twenty days next preceding the time for opening the bids, in that said publication was omitted form the newspapers during the period of publication on the 7th and 14th of April, which were Sundays." Plaintiff's bill was dismissed, and he appealed to this court. It was undisputed that the only paper in which notice could be published was not published on Sunday. The city ordinance required that the city engineer should cause notice to be published for ten successive days within the twenty days next preceding the time for opening bids, in the newspaper doing the city printing. In the instant case, the notice was published in each successive issue of the paper beginning April 5, 1901, and ending April 17, 1901, making eleven publications, but there was no publication of said notice on April 7th and April 17th, because those were Sundays, and the "Mail," containing said notice was not published on Sundays. After stating the facts, as above indicated, on page 15, Judge GANTT said:

"Counsel also rely upon the decisions of the appellate court of this State to the effect that in computing statutory time Sundays will not be excluded. So far as

the time of notice only is concerned, no doubt whatever exists that such is the rule. [State v. Green, 66 Mo. 631; St. Joseph ex rel. v. Landis, 54 Mo. App. 315.] But it is conceived that in computing time within which an act must be done these cases do not govern. Thus it is a familiar rule in this State, as well as at common law, that Sunday will not be counted in the construction of statutes giving four days within which to file motions for new trials and in arrest of judgment. [Bank v. Williams, 46 Mo. 17; Cattell v. Pub. Co., 88 Mo. 356; Hales v. Owen, 2 Salk, 625; Rex v. Elkins, 4 Burr. 2130.]''

That part of the above quotation reading: ''But it is conceived that in computing time within which an act must be done these cases do not govern,'' was merely *dictum,* contrary to the opinions heretofore considered, did not correctly state the law, except as to motions for a new trial and in arrest of judgment, and was wholly unnecessary in passing upon the case, as hereafter shown. The notice was required to be published for ten consecutive days, which included two Sundays. A strict construction of same would have required the violation of Section 3596, Revised Statutes 1919. On pages 16 and 17 of above report, Judge GANTT disposed of the case as follows:

''When we take into consideration that the publication of a newspaper on Sunday necessarily involves labor, and there being no evidence that the publication on Sunday of a newspaper is a work of necessity or charity, if the construction given to the ordinance contended for by counsel for the plaintiff should be adopted, the result would be that the ordinance would override the statute of the State forbidding labor on Sunday, Section 2240, Revised Statutes 1899. We think the California case was correct and that 'ten successive days' in Section 811 of the Revised Ordinances means publication on ten successive days when the paper can be published without the publisher running the risk of being indicted for violation of the Sunday statute of this State. We think the publication was well enough.''

State ex rel. Clayton v. Bland.

It is manifest from reading the above opinion that the case was disposed of here, on the theory, that those giving the notice were not required to violate the criminal laws of our State (Sec. 3596, R. S. 1919.) As heretofore shown, the contract in question before us did not either directly or inferentially require the contractor to work on Sunday.

III. In view of the conclusions heretofore reached, the judgment of the Kansas City Court of Appeals, in the above mentioned case, is quashed.

PER CURIAM:—The foregoing opinion of RAILEY, C., in Division Two, is hereby adopted by Court in Banc; *James T. Blair, David E. Blair* and *Walker, JJ.,* concur; *Graves, J.,* concurs in separate opinion; *Woodson, C. J.,* and *Ragland* and *White, JJ.,* dissent.

GRAVES, J. (concurring).—I concur in the result of the opinion by RAILEY, C., in this case. I do not follow him in all of the arguments made. To my mind the whole case turns upon the construction to be given to the contract involved. The Sunday laws are not involved, for the reason that such day is not mentioned in the contract, and the contract does not require work to be done upon that day of week. The contract fixes a time when the contract must be completed, i. e. 130 days from the date of making. It excludes from the count time lost, but does not mention Sundays in this exclusion. It fixes the time within which the work must be completed, or within which the act must be performed. The only matter of construction is, does this require the exclusion of the Sundays in computing the time? Under well established precedents, I do not think that it does. Suppose that this contract had provided that the work must be completed on February 1, 1915? This would be just 130 days from the making of the contract, excluding September 24th, the day that the contract was made. Suppose further that this same contract, with the date within which it must be com-

301 Mo.—10

pleted fixed as of February 1, 1915, had further provided
(as the instant contract does provide) that "the time
fixed for the completion of this work shall be extended
for such length of time as the contractor may be actually
and necessarily prevented from pursuing said work by
reason of bad weather, a general strike of his employees,
or injunction against him," could it be said that the Sun-
days should be counted out? We think not. The instant
contract does not fix February 1, 1915 (in words), as the
date upon which the work must be completed, but it does
fix the time just as definitely as would have been done by
using the words "February 1, 1915." The intent was to fix
a date within which an act must be done. Completing the
work at any time prior to the date fixed fulfills the con-
tract, but completing it at any time after the date fixed
does not measure up to the contract obligations. By using
a sufficient working force the work might have been fin-
ished in a very much shorter time than the time-limit
of the contract, but this is by the wayside. The contract
fixes a time-limit within which the work must be completed
as definitely as if it had mentioned the day, the month
and the year. In such situation Sundays fall within the
terms of the time-limit, and cannot be counted out in order
to extend the time-limit.

The opinion of the Court of Appeals conflicts with
at least some of the cases cited in the opinion, and with
this general rule of the law. I therefore concur as afore-
said.