Elbert EWING, Plaintiff-Respondent,

v.

James F. LOCKHART, and Margaret P. Lockhart, Defendants-Appellants.

No. 45408.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 26, 1982.

Charles H. Shaffar, Vatterott, Shaffar, Dolan & Pepka, St. Ann, for defendants-appellants.

William C. Barnett, Clayton, for plaintiff-respondent.

CRIST, Judge.

This appeal stems from a suit to quiet title with a cross-claim for equitable relief to set aside a collector's deed. The dispute centers around title to a two acre tract which was successfully quieted by respondent (purchaser) by virtue of a tax collector's deed. The cross-claim for equitable relief filed by appellant (former owner) was denied. The case is here on an agreed statement of facts. We affirm.

In May and in October of 1972, former owner purchased two adjacent tracts of land in Saint Louis County. One of these tracts is the two acre parcel now the subject of this appeal. Both deeds show former owner's address as 1227 St. Louis Ave., St. Louis County, Missouri. Former owner lived in St. Louis County and operated a business at that address. Each tract was separately assessed for 1972 and all subse-

quent years. He paid 1972 taxes on both parcels.

For the year 1973 and subsequent years, former owner received at his St. Louis County address only one tax bill which he paid. The tax bill on the two acre tract was not included. He believed the two parcels were combined in one tax bill. However, the tax bills received were actually for the adjacent property only.

The tax bills for the two acre tract were mailed to former owner at 1227 St. Louis Ave., Florissant, Missouri for the year 1973 and subsequent years. Consequently, they were never received or paid by former owner.

On August 23, 1976, collector of revenue advertised and sold the two acre tract at a first tax sale to purchaser and issued purchaser a certificate of purchase. Section 140.290, RSMo. 1978. Purchaser paid $811 for delinquent taxes for 1973, 1974 and 1975. There were no imperfections in the advertisement of the sale and the sale was regular in all other respects. On October 3, 1978, the redemption period of the two acre tract having expired, § 140.320, the collector of revenue issued purchaser a collector's deed for taxes. Section 140.420.

▮ Former owner asserts he is entitled to equitable relief for the reason of mistake in the mailing of tax bills. It is unfortunate for former owner that he must lose this appeal. A St. Louis County collector is not required by law to send real estate tax bills to resident taxpayers. Chapter 140, RSMo. 1978 under which St. Louis County operates, contains no provision requiring the collector to mail real estate tax bills to taxpayers in his county.

Of significance is § 52.230 requiring collectors of first class counties *not having a charter form of government* to mail tax notices at least fifteen days before delinquency and to mail receipts for taxes paid by mail. However, § 52.240 states: "The failure of the taxpayer to receive the notice provided in § 52.230 in no case relieves a taxpayer of any tax liability imposed on him by law."

In short, in St. Louis County, which has a charter form of government, the collector specifically is exempted from even mailing real estate bills to resident taxpayers. In all other counties not so chartered the taxpayer still has to pay his taxes whether or not he receives notice from the collector to do so.

▮ Appellant further advances a construction of § 140.590, RSMo. 1978 that would add an additional three years from the time of the recording of the deed of the tax sale to his statute of limitations for bringing a suit against the purchaser of the tax lands. While § 140.590 does provide this, § 140.610 sets out what must be proved by the claimant in such a suit. The facts set out by the parties in this appeal reveals that appellant does not fall within the group § 140.610 was designed to protect.

With reference to former owner's point of inadequacy of consideration, inadequacy of consideration is no defense to a tax sale. *Powell v. County of St. Louis,* 559 S.W.2d 189, 195 (Mo. banc 1977).

▮ For the reason that former owner had a legal duty to inquire about and pay his taxes without any notice, he was not entitled to equitable relief.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.