**Merel Louise JOHNSON, et al., Respondents,**

v.

**MERVYN W. JENKINS, INC. and Mervyn W. Jenkins, Individually, Appellants.**

**No. WD 49944.**

Missouri Court of Appeals, Western District.

Aug. 29, 1995.

---

1. All sectional references are to Missouri Revised Statutes 1994, unless otherwise indicated.

Michael B. Watkins, Chillicothe, for appellants.

R. Brent Elliott, Chillicothe, for respondent.

Before KENNEDY, P.J. and SMART and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Plaintiffs brought suit against Defendants Mervyn W. Jenkins, Inc. and Mervyn W. Jenkins claiming that Mr. Jenkins fraudulently attempted to deprive them of certain real property located in Livingston County, Missouri (disputed property). Defendants appeal the trial court's judgment setting aside the Collector's Deeds for Taxes and finding that Defendants had no right, title, claim or interest in or to the disputed property. Defendants claim that the Collector's Deed cannot be set aside because the tax sale was performed in compliance with statutory mandates. We affirm on the grounds that Defendant Mervyn W. Jenkins, Inc. was not a bona fide purchaser and therefore took title to the property subject to the Plaintiffs' ownership interest in the property.

I. *FACTUAL AND PROCEDURAL BACKGROUND*

The disputed property, which is the subject matter of this lawsuit, is situated in

Livingston County, Missouri, and is more particularly described as:

the West part of the West Half of the Southwest Quarter West of Grand River in Section Two (2), Township Fifty-six (56), Range Twenty–Two (22), containing 17 acres, more or less.

This particular piece of property had been the subject of lawsuits filed in 1977 by Mr. Jenkins and Cecil Twombly with regard to a dispute as to the proper placement of the property line separating the Jenkins' property and the Twombly's property. As a result of these lawsuits, on April 13, 1977, the Circuit Court of Livingston County, by stipulation of the parties, found Cecil C. Twombly to be the owner of the above described real estate.[1] The court also ordered that the property line be surveyed and set out with appropriate markers. For reasons not explained by the record, the Decree proclaiming Mr. Twombly as the owner of the disputed property was never recorded.

Even though Mr. Twombly was found to be the owner of the property in question in 1977, Mr. Jenkins continued to pay real property taxes on this tract of property through 1980 as part of a larger tract of land. Mr. Jenkins claims that he tried to get this property removed from his name on the tax rolls but he was told that the name of the assessed party could not be changed on a tract of land smaller than 40 acres and that he had to pay taxes on the land as it was still listed in his name. Mr. Jenkins did not then record the Decree showing that the property belonged to Mr. Twombly. Instead, in 1980, Mr. Jenkins divided the disputed property from the larger tract of land of which it was a part on the real estate tax records and conveyed it, on December 8, 1980, for no consideration and by quit claim deed, to his cousin, Alfred Cameron, Jr. Mr. Jenkins claims he undertook this transfer for the sole purpose of ensuring the property would no longer be listed under his name on the tax rolls. The record does not show whether Mr. Jenkins continued to receive, or whether Mr. Cameron ever received, the tax notices for the land. It does show that neither paid any taxes on the disputed property. Mr. Cameron stated that, although he was aware of the quit claim deed, he did not believe he had any interest in the property.

After failure of the listed owner, Alfred Cameron, Jr., to pay real estate taxes for the three year period from 1980 through 1982, the Livingston County Tax Collector filed notice that the land would be sold for non-payment of taxes. This notice was not sent to Mr. Twombly, the true owner, since the tax records showed the Mr. Cameron owned the land. The tax sale was conducted on August 22, 1983. At the sale, Mervyn W. Jenkins, Inc.,[2] purchased the disputed property for the total sum of $1,600, of which $98.09 was for back taxes, interest and penalties.[3] In accordance with statutory procedures, Mervyn W. Jenkins, Inc. received a Certificate of Purchase from the Collector of Livingston County, Missouri on August 22, 1983 and then obtained a Collector's Deed for Taxes on September 5, 1985. Mr. Jenkins continued to pay the real estate taxes on the disputed property through 1993.

Plaintiffs, who are successors in interest to Mr. Twombly, claim they did not learn that Mr. Jenkins claimed any interest in the disputed property until they received a Notice to Vacate the Premises on January 9, 1986.[4] Learning of Mr. Jenkins' claim, Plaintiffs filed suit, claiming that Mr. Jenkins fraudulently attempted to deprive plaintiffs of the disputed property, that he unlawfully withheld possession of the disputed property and that the Collector's Deed was void because

1. Mr. Jenkins admitted in his deposition that they settled the previous lawsuit and that, as far as he was concerned, Cecil Twombly owned the disputed property and that he had agreed to that. Mr. Jenkins also stated that Mr. Twombly actually possessed the land and farmed it after the lawsuit. Thus, in 1977, Mr. Jenkins knew that he no longer owned the disputed property.

2. Mr. Jenkins is the primary and controlling stockholder and President, and holds the power of attorney, for Mervyn W. Jenkins, Inc.

3. Mr. Jenkins testified that Chester Twombly was also present at the sale and may have bid on the disputed property.

4. Cecil Twombly died on the 13th of May, 1980. Thereafter, by descent, the above described real estate was owned by Chester Twombly who died on April 25, 1985, and by reason of his the death, plaintiffs Merel Louise Johnson and Chester LaVern Twombly are the alleged present owners of the disputed property.

the description in the deed was vague and uncertain.[5]

Mervyn W. Jenkins, Inc. filed a counterclaim seeking title to the disputed property and seeking rent or income from the crops produced on the disputed property subsequent to the purchase date of August 22, 1983.[6]

The court set aside the Collector's Deed for Taxes, declaring it null and void, and further found that "the Defendants have no right, title, claim or interest in or to the [disputed property]." Plaintiffs were ordered to pay Defendants the $420.72 Defendants had paid in back real estate taxes on the disputed property as well as the $1,600.00 (plus interest) which Defendants had paid to the Collector of Livingston County as consideration for the Collector's Deed for Taxes. In addition, the court found that Defendants had unlawfully withheld possession of the disputed property and that Plaintiffs were entitled to the possession of the disputed property and to $8,747.13 plus interest as damages. The court also found in favor of Plaintiffs with regard to Defendants' counterclaims to quiet title and for rents and income from crops produced upon the disputed property.

Defendants appeal on the grounds that there was insufficient evidence in the record to justify a finding of fraud, that the notice of tax sale was not defective and that Plaintiffs failed to show the tax sale was invalid.

## II. *MR. JENKINS DID NOT OBTAIN VALID TITLE AT THE TAX SALE BECAUSE HE TOOK THE PROPERTY WITH KNOWLEDGE OF WHO WAS ITS TRUE OWNER*

■ Defendants argue that the Deed cannot be set aside because the tax sale was performed in compliance with statutory mandates. However, Defendants fail to recognize that the issue presented is not the legality of the tax sale but rather the laws and principles regarding the passage of title to real estate. Defendants impliedly argue that these principles should not apply to the passage of title by a tax sale unless some defect or invalidity can be found in the tax sale itself. This quite simply is not so.[7]

■ A bona fide purchaser of realty with no actual notice of an unrecorded interest in that realty takes free of that unrecorded interest. *Wilcox v. Phillips,* 260 Mo. 664, 681–89, 169 S.W. 55, 59–61 (1914); *Bremen Bank & Trust Co. v. Muskopf,* 817 S.W.2d 602, 608 (Mo.App.1991); *Ortmeyer v. Bruemmer,* 680 S.W.2d 384, 394–95 (Mo.App.1984). A "bona fide purchaser" is one who pays a valuable consideration, has no notice of outstanding rights of others and who acts in good faith. *Johnson v. Stull,* 303 S.W.2d 110, 118 (Mo.1957). Applying this rule, the courts have held that a purchaser at a tax sale with notice that someone other than the record owner claims title to the land is not an innocent purchaser and takes subject to the rights of the rightful owner. *Stuart v. Ramsey,* 196 Mo. 404, 414–17, 95 S.W. 382, 385–86 (1906), held that one who takes a deed at a tax sale with notice of an unrecorded deed takes an inferior title to that of the grantee of the unrecorded deed. *See also Wilcox,* 260 Mo. at 682–84, 169 S.W. at 59–60 (purchaser at a tax sale stands precisely in the position of an execution purchaser at any other sale in that he gets no title where he has notice of an outstanding title in another); *Adams v. Gossom,* 228 Mo. 566, 580–84, 129

---

**5.** Plaintiffs also alleged willful, wanton and malicious conduct on the part of Mr. Jenkins entitling them to punitive damages.

**6.** After filing suit, an option to purchase the disputed property was taken by Shane Danner, Stephen Danner and Pat Danner, by and through several trusts, from the Plaintiffs. The optionees were made additional parties by Mervyn W. Jenkins, Inc. and plaintiffs subsequently amended their petition to add Shane M. Danner as an optionee for the purchase of the disputed property.

**7.** Defendants also argue that, under *Ewing v. Lockhart,* 641 S.W.2d 835 (Mo.App.1982), the plaintiffs had a legal duty to inquire about and pay his taxes without any notice, and that because they did not do so, they are not entitled to equitable relief. However, Defendants again ignore the principle of a purchaser with actual knowledge as to the true ownership of the property takes title subject to that true owner's interest. In *Ewing,* unlike in this case, the purchaser at the tax sale had no notice or knowledge as to the true owner of the property.

S.W. 16, 19–21 (1910) (tax sale purchaser did not obtain good title where it was evident someone other than record owner was actively using the land and where he was otherwise on inquiry notice); *Harrison Mach. Works v. Bowers,* 200 Mo. 219, 230–34, 98 S.W. 770, 774 (1906) (accord).

*Zweigart v. Reed,* 221 Mo. 33, 119 S.W. 960 (1909), is also instructive. In that case, a Mr. Dunnegan was, for a number of years, the agent of the record owner, Mr. Smith, for the payment of taxes on the property in question. Mr. Dunnegan knew that Mr. Smith had stopped paying taxes on the property but that someone else had begun paying the taxes. In fact, Mr. Smith had sold the land to Mr. Zweigart, who had paid the taxes. Because some back taxes were incorrectly shown as unpaid, a tax sale was held. Mr. Smith, rather than Mr. Zweigart, received notice of the sale. Mr. Dunnegan purchased the property at the sale. When Mr. Zweigart learned of the sale, he sued to set it aside. The court held that Mr. Dunnegan's knowledge that someone other than Mr. Smith was paying taxes on the land at least placed him on "inquiry notice" and had he made inquiry he would have discovered Mr. Zweigart's interest. The court held that such inquiry notice, like actual notice, of the fact that the suit was not brought against the true owner made the tax deed unavailing between Mr. Dunnegan and the true owner, and the tax deed could be canceled for this reason.

Here, as in *Stuart, Zweigart,* and the other cited cases, Mr. Jenkins is not a bona fide purchaser because he had notice of the outstanding rights of the true owners. Title to the disputed property was decided in a prior suit to which both Mr. Twombly and Mr. Jenkins were parties. In this prior suit, an order was entered by the court and by stipulation of the parties adjudging Mr. Twombly to be the owner of the disputed property. The order, as a written instrument conveying an interest in real estate, should have been recorded with the office of the recorder for Livingston County. § 442.380, RSMo1994. Because this was not *done,* the order is not valid as to third parties, but it was valid *as to the parties thereto*

*and those who had actual notice of it.* § 442.400, RSMo1994.

Mr. Jenkins was a party to the prior suit and as such was a party to the order which granted Mr. Twombly ownership of the disputed property. As the primary and controlling shareholder and President of the purchaser, Mervyn W. Jenkins, Inc., his notice is imputed to the corporation. For this reason, it took title to the disputed property subject to the interests of the Twombly descendants.

For these reasons, the judgment is affirmed.

All concur.