**DOCTOR'S ASSOCIATES, INC.,**
Plaintiff/Respondent,

v.

**David M. DUREE,**
Defendant/Appellant.

No. ED 77315.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 3, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 9, 2000.

Application for Transfer Denied
Dec. 5, 2000.

David M. Duree, St. Louis, MO, pro se.

Alan G. Gerson, St. Louis, MO, for respondents.

MARY RHODES RUSSELL, Judge.

David M. Duree ("Attorney") appeals from a judgment in the Circuit Court of the City of St. Louis registering a Kansas judgment as a foreign judgment pursuant to Rule 74.14. Attorney challenges the judgment's registration against him for $408,445.25 in sanctions. We affirm in that no grounds exist to deny the foreign judgment's registration.

This case has a long and storied history stemming back to an action in the Kansas state courts. We recount only those portions of the action that are relevant to the present appeal and necessary for a full understanding of the case.

In 1990, the owner of a Subway franchise, Doctor's Associates, Inc. ("Subway"), filed suit in Kansas against two persons ("Franchisees") seeking to recover unpaid franchise royalties and other arrearages. Franchisees hired Attorney as lead counsel and he was admitted *pro hac vice* in Kansas. Franchisees filed amended counterclaims against Subway, one of which was

drafted by Attorney and contained allegations of fraud and a request for punitive damages. In support of the counterclaim, Attorney had an accountant ("CPA") prepare an amended tax return for the Franchisees.

A Kansas trial court granted summary judgment in favor of Subway, ruling that Franchisees could not prove that the alleged fraud caused their losses. This ruling was upheld by the Kansas Court of Appeals. *See Subway Restaurants, Inc. v. Kessler*, 931 P.2d 1270 (Kan.App.1997).

The Kansas trial court, pursuant to a motion, ordered a $5,250 sanction against Attorney and his co-counsel for "unfounded" impropriety allegations made against Subway.

Subway moved to further sanction Attorney and his co-counsel in the amount of $408,445.25, representing Subway's fees and costs incurred. The court sanctioned Attorney in that amount and revoked his *pro hac vice* status. The memorandum opinion stated that "[Attorney] deliberately caused to be prepared a false tax return for use in this litigation."

Attorney filed a motion to amend the sanction award. Concerned about her continuing objectivity, the Kansas trial judge recused herself prior to hearing the motion because of an ex parte conversation she had with an attorney unconnected with the case.

The case was reassigned to another judge, who presided over a hearing on Attorney's amended motion to alter or amend the judgment. A full evidentiary hearing was held examining the original judge's recusal. It was found that a measured decision in the case was reached and there was no influence from the ex parte conversation. The trial court instructed Subway to prepare a journal entry, similar to the memorandum opinion, which was to serve as a judgment in the case.

Attorney appealed to the Kansas Supreme Court, which affirmed the decision of the trial court. *See Subway Restaurants, Inc. v. Kessler*, 266 Kan. 433, 970 P.2d 526 (1998). The Kansas Supreme Court held that Attorney was not denied due process because of the original judge's failure to immediately recuse herself after her ex parte conversation. The court held that the original judge wrote the majority of her opinion prior to her ex parte conversation and was candid with the court and the parties about her impartiality in deciding the motion to award sanctions. In addition, the court found there was substantial competent evidence to support the judge's decision awarding sanctions.

Thereafter, Subway registered the Kansas judgment with the Circuit Court of the City of St. Louis. Since that time, both Attorney and Subway have filed a litany of motions in Missouri; however, we will mention only those relevant to this appeal.

Attorney sought a stay of the judgment's enforcement pending resolution of its appeal in the Kansas Supreme Court, which was denied by the Missouri trial court. Attorney next filed a motion to dismiss and alternative motion for summary judgment on the grounds of release, which was also denied.

Attorney filed a petition for a writ of prohibition and/or mandamus in both this court and the Missouri Supreme Court, seeking relief from an order directing him to comply with Subway's discovery requests regarding assets he held. Both petitions were denied.

Next, Attorney filed a motion to vacate all prior orders entered in the case and for a refund of previously garnished funds. Attorney's motion to vacate was predicated on the fact that Subway had registered the memorandum opinion as the judgment in the case and, under Kansas law, this was not considered a judgment.

Realizing prior counsel in the litigation had made a mistake, Subway then sought leave to register the journal entry from Kansas as a substituted foreign judgment. The Missouri trial court entered a judgment vacating registration of the memo-

randum opinion from Kansas and quashing all garnishments and writs emanating therefrom. The court, however, granted Subway's motion for leave to register the Kansas journal entry as a judgment.

Attorney timely filed his notice of appeal, challenging that part of the Missouri judgment registering the Kansas judgment. Attorney raises five points on appeal.

■ Our standard of review is governed by the third prong of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We determine whether the trial court erroneously declared or applied the law. *Id.* The trial court's decision that the Kansas judgment should be registered in Missouri as a foreign judgment, is a legal conclusion and as such is not binding on appeal. *Anchor Centre Partners, Ltd. v. Mercantile Bank, N.A.*, 803 S.W.2d 23, 32 (Mo. banc 1991). We, therefore, review the judgment de novo after independently considering the evidence and reaching our own conclusions. *Landvatter Ready Mix, Inc. v. Buckey*, 963 S.W.2d 298, 301 (Mo.App. 1997).

■ State courts must accord full faith and credit to the valid judgments of other states. *In re Storment*, 873 S.W.2d 227, 230 (Mo. banc 1994). Judgments from a court of competent jurisdiction of a sister state are presumed valid. *In Interest of K.P.B.*, 625 S.W.2d 692, 694 (Mo. App.1981). Absent a showing to the contrary, we presume that the court had both personal and subject matter jurisdiction and that it followed its laws and entered a valid judgment. *Id.* The burden of proof is on the party asserting the invalidity of the judgment. *Id.*

■ There are only three grounds recognized for refusing to give full faith and credit to a sister state's judgment: (1) lack of jurisdiction over the subject matter; (2) failure to give due notice to the judgment debtor; or (3) fraud in the concoction or procurement of the judgment. *Storment*, 873 S.W.2d at 230. This court will not inquire into the merits, logic, consistency, or validity of the underlying judgment. *Waterloo Lumber Co. v. Gardner*, 806 S.W.2d 513, 515 (Mo.App.1991).

■ Attorney's first point on appeal challenges the subject matter jurisdiction of the Kansas court to determine whether he violated professional rules of conduct and whether he filed a false tax return with the trial court. Attorney asserts that only the Kansas Disciplinary Commission has jurisdiction to determine whether he violated the Rules of Conduct. In addition, Attorney alleges that only the federal courts have subject matter jurisdiction to determine if a tax return is false.

While the Kansas court recited the Model Rules of Professional Conduct and referred to the false tax return in its memorandum opinion, the court merely mentioned them as guidance in determining that Attorney had filed an unfounded counterclaim. The Kansas court sanctioned Attorney for abusing the judicial process in manufacturing false evidence in support of a frivolous counterclaim, not for violation of the Model Rules of Professional Conduct or the Internal Revenue Code.

Kansas statutes, rules, and case law support the Kansas court's authority to sanction Attorney. Kansas Supreme Court Rule 116 empowers the courts to admit and discipline out-of-state attorneys practicing in Kansas. Kansas statutes, in effect at that time, allowed a court to assess costs and attorneys' fees against an attorney who knowingly asserted a claim not in good faith.

In *Rood v. Kansas City Power & Light Co.*, the Kansas Supreme Court encouraged trial and appellate courts to impose sanctions for breach of professional duties in order to protect litigants from harassment. 243 Kan. 14, 755 P.2d 502, 508 (1988). Likewise, in the appeal of this sanction award, the Kansas Supreme Court upheld the trial court's ruling, stating it was correct for Attorney to be penalized for willful misuse of the judicial pro-

cess. *Subway Restaurants, Inc.*, 970 P.2d at 535. Furthermore, the Supreme Court stated that there was substantial competent evidence to support the trial court's legal conclusion that Attorney asserted the counterclaim without any good faith basis in fact or law. *Id.* at 536. We find that the Kansas trial court had subject matter jurisdiction when it sanctioned Attorney for filing the unfounded counterclaim. Point denied.

We next address Attorney's second through fifth points on appeal together. At the outset, we are mindful of the three grounds for attacking the validity of the registration of a foreign judgment: lack of subject matter jurisdiction, lack of due notice, and fraud in procurement of the judgment. *Storment*, 873 S.W.2d at 230. None of Attorney's remaining points fall within these grounds for attack.

■ In his second point on appeal, Attorney urges that the Kansas judgment is not entitled to full faith and credit because, despite the trial court's finding that Attorney deliberately caused a false tax return to be prepared, the Missouri Board of Accountancy determined the amended tax return was not false and CPA did not violate any professional rules in preparing it. In his third point, Attorney argues that Subway executed a release, releasing him from the Kansas judgment. As neither of these claims falls within one of the three grounds for challenging a foreign judgment pursuant to *Storment*, they must be denied.

Furthermore, the release issue, which has been twice raised and rejected by the Missouri trial courts, is without merit. Attorney conceded in oral argument that no satisfaction of judgment had been filed in Kansas. He argues that the general nature of a document executed in an Illinois action releases the judgment entered by the Kansas trial court. The document states, however, that only claims that were or could have been brought in the Illinois action are released. The document does not refer to the Kansas judgment and cannot be construed so as to apply to it.

We also take notice of Attorney's argument that, under Rule 74.14(b), he is allowed to assert any defenses that would apply if the judgment had been originally entered in Missouri. Attorney, however, does not cite any authority, nor are we aware of any grounds outside of those provided by *Storment*, to support setting aside registration of the foreign judgment based upon release.

■ In point four, Attorney claims he was denied due process because the Kansas trial judge testified she was unable to be fair and impartial. This challenge also does not fall within the three recognized grounds for attacking a foreign judgment's registration as established by the Missouri Supreme Court. *Storment*, 873 S.W.2d at 230. Moreover, Attorney is collaterally estopped from raising this argument in that the doctrine of collateral estoppel precludes the same parties, or their privies, from re-litigating issues that were necessarily and unambiguously decided. *Finley v. St. John's Mercy Med. Ctr.*, 958 S.W.2d 593, 595 (Mo.App.1998). Attorney presented his due process claim, unsuccessfully, to the Kansas Supreme Court in the previous litigation involving both Subway and Attorney. *See Subway Restaurants, Inc.*, 970 P.2d at 532–33. Attorney is not allowed to reassert an argument in this action that has previously been adjudicated adversely to him. Point denied.

■ In his final point, Attorney asserts that the Kansas judgment resulted in extrinsic fraud on three grounds: (1) the Kansas trial judge failed to disclose the ex parte conversation; (2) the successor judge would not consider Attorney's arguments on the merits; and (3) Subway, who drafted the judgment in the case, falsely represented that it contained no significant changes from the memorandum opinion. Again, these arguments *also* do not fall within the three grounds for attacking registration of a foreign judgment. The third

ground for attacking registration of a foreign judgment addresses fraud in the procurement of jurisdiction, not fraud that occurs in the proceedings of the trial court. *Corning Truck & Radiator Serv. v. J.W.M., Inc.*, 542 S.W.2d 520, 527 (Mo. App.1976). Point denied.

The judgment is affirmed.

ROBERT G. DOWD, Jr., and RICHARD B. TEITELMAN, JJ., concur.