**COLLECTOR OF REVENUE, City of St. Louis, Appellant,**

v.

**DRURY DEVELOPMENT CORP., and Missouri Highway**

**and**

**Transportation Commission,**

**and**

**Sheriff of the City of St. Louis, Respondents.**

No. ED 93518.

Missouri Court of Appeals, Eastern District, Division One.

March 2, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 2010.

Application for Transfer Denied May 25, 2010.

Anthony J. Sestric, St. Louis, MO, for appellant.

Gordon D. Schweitzer Jr., St. Louis, MO, Philip E. Morgan Jr., Chesterfield, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

The Collector of Revenue of the City of St. Louis appeals the circuit court's judgment setting aside a tax sale of real property to Drury Development Corporation. We affirm.

## Background

In 1993, the Missouri Highway and Transportation Commission initiated a condemnation suit to acquire real property owned by the Convent of the Sacred Heart in the City of St. Louis. The Collector was a party to that suit. Pursuant to the applicable provisions of Chapter 523 RSMo and Supreme Court Rule 86, the following procedure occurred. Commissioners were appointed to determine the value of the property and their report was recorded with the Recorder of Deeds.[1] The Commission acquired the property in September 1993 by paying the amount of the commissioners' award into the registry of the circuit court.[2] The circuit clerk sent notice of payment to all parties,[3] including the Collector, who also received a portion of the proceeds to satisfy taxes on the property.[4]

Despite the Commission's acquisition of the property by condemnation, the city assessor continued to assess real estate taxes against the Convent, which did not pay the taxes. In 1997, the Collector sued the Convent for delinquency and obtained a judgment of foreclosure. S & P Properties acquired the property at a sheriff's sale in 1998 but thereafter failed to pay taxes. The Collector sued S & P and obtained another judgment of foreclosure in 2007. The Commission did not receive notice of either suit. Drury acquired the property at a sheriff's sale in May 2008. Three months later, Drury filed a motion to set aside the sale upon discovery that the Commission had superior title. The Commission intervened.

The trial court granted Drury's motion and ordered the sheriff to return the purchase price, finding that the Commission still owned the property and, therefore, the City of St. Louis lacked authority to levy taxes or foreclose upon the property. The Collector appeals.

## Standard of Review

■ Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32;

1. Sections 523.040 and 523.050, Rule 86.06.

2. Section 523.055, Rules 86.06 and 86.08.

3. Section 523.055.

4. Though owned by a religious institution, the property was nonetheless subject to taxation because it was not being used exclusively for religious or charitable purposes. Rather, the Convent was leasing the property to Viking Freight Company.

*In re Foreclosure of Liens for Delinquent Land Taxes*, 226 S.W.3d 250, 254 (Mo.App. 2007).

## Discussion

In his sole point, the Collector contends that the circuit court erred as a matter of law by ignoring the statute of limitations contained in section 92.855 RSMo, which precludes challenges to a sheriff's deed after two years. Specifically, the Collector maintains that the statute of limitations expired in 2000, two years after S & P acquired the property, thus barring Dairy's present disclaimer of ownership in favor of the Commission. The parties do not dispute that the Commission acquired the property in the 1993 condemnation suit and, as a state entity, is exempt from real estate taxes. The Collector nonetheless insists that his subsequent foreclosure on the property for unpaid taxes that were never owed, and the resulting sheriff's sale to S & P, were valid transactions that cannot now be challenged. Missouri law does not support the Collector's position.

■ First, though collateral to his point relied on, the Collector implies that the sale of the property to the Commission—and thus the Commission's title and tax-exempt status—is not binding upon the Collector because notice of payment was not recorded with the Recorder of Deeds. We find no merit to this argument. It is well-settled under Missouri law that ownership and right of possession transfer to the condemnor upon payment of the commissioners' award into the court. Mo. Const. art 1, sec. 26; section 523.055 RSMo; Rules 86.06 and 86.08; *State ex rel. Broadway–Washington Associates, Ltd. v. Manners*, 186 S.W.3d 272 (Mo. banc 2006); *State ex rel. City of St. Louis v. Oakley*, 354 Mo. 124, 188 S.W.2d 820 (1945); *State Highway Comm'n v. Deutschman*, 346 Mo. 755, 142 S.W.2d

1025 (1940). The Collector conceded as much at oral argument and could offer no authority for his proposition that notice of payment must be recorded to perfect title. Chapter 523 and Rule 86 require recordation only of the commissioner's report, which occurred here. The equitable tenor of the Collector's argument is further undermined by the fact that he had actual notice of payment and even received part of the proceeds. Thus even if recordation were required, the Collector could not assert the defect here. Section 442.400 RSMo. See also *Wilcox v. Phillips*, 260 Mo. 664, 169 S.W. 55, 59 (1914), and *Johnson v. Mervyn W. Jenkins, Inc.*, 904 S.W.2d 586 (Mo.App.1995), (both holding that, if a party relying on lack of notice had actual notice beyond the record, then record notice is unnecessary).

■ Second, returning to his point relied on, the Collector asserts that Drury's motion is barred by a statute of limitations contained in the Municipal Land Reutilization Law, sections 92.700 through 92.920 RSMo. This statutory framework governs the collection of unpaid real estate taxes and the foreclosure and resale of delinquent properties. The trial court correctly noted that these provisions cannot apply to the Commission because, as a state entity, the Commission's property is not subject to real estate taxation. Mo. Const. article X, sec. 6. The trial court did not "repeal" the two-year statute of limitations set forth in section 92.855, as the Collector alleges. Rather, the court simply recognized that the statute is not applicable to this case.

We find instruction in *Wallis v. St. Louis County*, 621 S.W.2d 720 (Mo.App. 1981). There, the county acquired property burdened by a tax lien, but the collector purported to sell the property to a third party through a tax sale. The court held that, when a tax-exempt governmental entity acquires property, any subsequent

proceeding to enforce and collect taxes is void. The collector had no authority to issue a deed to the third party purchaser because, once the county had acquired title to the property, outstanding taxes were not subject to collection and thus no basis existed for foreclosure or tax sale. As such, the tax deed was invalid and the county retained superior title. *Id.* at 725. *Wallis* informs our analysis here regarding the validity of the Collector's proceedings subsequent to the Commission's acquisition of the property. On that central issue, *Wallis* compels the conclusion that the 1998 sale to S & P was void, and the Commission retained title to the property. The trial court did not err. Point denied.

### Conclusion

The judgment of the circuit court is affirmed.

KATHIANNE KNAUP CRANE, P.J., and NANNETTE A. BAKER, J., concur.