**S & P PROPERTIES, INC., Respondent,**

v.

**Gregory F.X. DALY, Collector of Revenue, and Ed Bushmeyer, Assessor, Appellants.**

No. ED 94745.

Missouri Court of Appeals, Eastern District.

Dec. 7, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 25, 2011.

Carl W. Yates III, St. Louis, MO, for Appellant Bushmeyer.

Anthony J. Sestric, St. Louis, MO, for Appellant Daly.

Angela N. Loehr, Andrew D. Dillon, St. Louis, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Gregory Daly, the Collector of Revenue of the City of St. Louis ("the Collector") and Ed Bushmeyer, the Assessor of the City of St. Louis ("the Assessor"), appeal the trial court's grant of the summary judgment motion filed by S & P Properties, Inc. ("S & P"). We affirm in part and reverse in part.

## I. BACKGROUND

In 1993, the Missouri Highway and Transportation Commission ("the Commission") initiated a condemnation suit to acquire two properties ("the property") in the City of St. Louis. In September 1993, the Commission paid the registry of the court overseeing the condemnation suit for the property. Notice of payment was mailed to all parties including the Collector. However, the notice of payment was

not recorded in the Office of the Recorder of Deeds.[1]

Even after the Commission acquired title to the property, the Assessor continued to assess taxes against the previous owner. The taxes were not paid. In 1997, the Collector obtained a judgment of foreclosure for the unpaid taxes. The property was sold at a sheriff's sale in 1998 to S & P. The sale was confirmed by the court and the Sheriff's deeds conveying the property to S & P were recorded in the Office of the Recorder of Deeds.

S & P subsequently ceased paying taxes on the property. The Collector filed another foreclosure suit and the property was ultimately sold to Drury Development. ("Drury"). Drury subsequently moved to set aside the sale after discovering that the title to the property had at all times been vested in the Commission. A judgment setting aside the sale was affirmed by this Court in *Collector of Revenue v. Drury Development Corp.*, 309 S.W.3d 346 (Mo. App. E.D.2010).

S & P filed the instant action in May 2006 against the Sheriff who conducted the foreclosure sale. The Sheriff moved for summary judgment, which was granted. S & P was then given leave to amend its petition and join additional parties, after which S & P filed its second amended petition naming the Collector and Assessor as defendants.

The Collector and S & P filed cross-motions for summary judgment, and the trial court granted S & P's motion. The trial court ordered the Collector and Assessor to pay the purchase price of the property to S & P in the amount of $23,267.00 plus all taxes paid on the property by S & P for the years 1999 through 2003. The judgment did not specify the amount of the taxes. The Collector and Assessor appeal.

## II. DISCUSSION

Review on appeal of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Review of summary judgment is made in the light most favorable to the party against whom the judgment was entered. *Id.*

In his first point on appeal, the Assessor argues that the trial court erred in directing him to refund any monies paid by S & P because the Assessor never received any money from S & P, the Sheriff, or the Collector. We agree.

Under Sections 137.485 to 137.550 RSMo Cum Supp 2009, the only legal obligations of the Assessor are to make assessments and prepare tax bills. The Assessor has no statutory authority to collect taxes. *Id.* Therefore, it was improper for the trial court to order the Assessor to pay any damages to S & P. Point granted.

Because we find the Assessors first point on appeal dispositive we need not address his second point. "Issues that are not essential to a disposition of the case should not be addressed." *O'Hare v. Permenter*, 113 S.W.3d 287, 289 (Mo.App. E.D.2003) (quoting *State v. Kinkead*, 983 S.W.2d 518, 520 (Mo. banc 1998)).

■ In the Collector's first point on appeal, he argues that the trial court erred in finding that S & P was a real party in interest because it had conveyed away all of its rights and interest in the property, and therefore did not retain a sufficient ownership interest to challenge its pur-

---

1. A statutory requirement that a document be filed with the Recorder of Deeds memorializ-

ing the condemnation would eliminate these issues in the future.

chase of the property at the original Sheriff's sale. We disagree.

In March 1999, S & P conveyed all of its interest in the property to Bellington Properties. The Collector argues that as a result of this conveyance, S & P has no legal interest in the property and therefore cannot bring suit to challenge the purchase of the property.

Missouri Supreme Court Rule 52.01 requires that a civil action "be prosecuted in the name of the real party in interest." The purpose of Rule 52.01 is to enable those who are directly interested in the subject matter of the suit, and are entitled to reap the benefits thereof, to be those who maintain the action. *Janssen v. Guaranty Land Title Co.*, 571 S.W.2d 702, 706 (Mo.App.1978). Closely related to this analysis is the doctrine of standing. *Welch v. Davis*, 114 S.W.3d 285, 292 (Mo.App. W.D.2003). standing requires that a party seeking relief have a legally cognizable interest in the subject matter the suit and a threatened or actual injury. *Id.*

We find that because S & P originally paid for the property, which was improperly conveyed, it has a legally cognizable interest, and an actual injury in the form of the money paid for the property. Point denied.

■ In the Collector's second point on appeal, he argues that the trial court erred in directing the Collector to refund the price paid by S & P because the money was paid to the Sheriff and not the Collector. We disagree.

The Collector is correct in stating that S & P originally paid the Sheriff at the end of the sale. However, Section 141.580 RSMo 2000 states that after paying for the costs involved with advertising and holding the foreclosure sale, the proceeds are used to pay all "tax bills adjudged." The exclusive power to collect tax bills lies with the Collector unless another party brings suit in the Collector's name. Section 141.310 RSMo 2000. The initial suit to foreclose on the property, which resulted in the Sheriff's sale where S & P bought the property, was initiated by the Collector. *Drury Dev. Corp.*, 309 S.W.3d at 347. Further, the Collector received a portion of the proceeds of the sale to S & P to satisfy the delinquent taxes on the property from the previous owner. *Id.* Therefore, the trial court did not err in directing the Collector to repay S & P the purchase price. Point denied.

■ In the Collector's third point on appeal, he argues that the trial court erred in directing him to refund taxes paid by S & P. We agree.

After searching the record, we find no evidence of any taxes paid on the property by S & P. The trial court's award simply orders the Collector and the Assessor to refund "all taxes paid by [S & P] on the properties for the years 1999 through 2003." S & P has presented no specific evidence as to how much it paid in taxes or its alleged damages as a result of paying the taxes. Therefore, the trial court erred in awarding a refund of taxes paid by S & P. Point granted.

■ In the Collector's fourth point on appeal, he argues that the trial court erred in determining that S & P's cause of action was not barred by the three-year statute of limitations under Section 516.130 RSMo sup 2002. We disagree.

■ "The statute of limitations is an affirmative defense and it must be raised in the responsive pleadings. Missouri Supreme Court Rule 55.08. If the statute of limitations is not pled, it is waived." *Storage Masters–Chesterfield, L.L.C. v. City of Chesterfield*, 27 S.W.3d 862, 865 (Mo.App. E.D.2000). "A party's attempt to raise an affirmative defense for the first time in a

response to a motion for summary judgment ... is not sufficient to plead the defense." *Glasgow Enters., Inc. v. Bowers*, 196 S.W.3d 625, 630 (Mo.App. E.D. 2006).

Because the Collector failed to plead the statute of limitations properly, the affirmative defense was waived. Therefore, we need not address whether or not Section 516.130 actually applies to this case. Point denied.

 In the Collector's final point on appeal, he argues that the trial court erred by not following the doctrine of the "law of the case" and finding that S & P's claim was barred by the two-year statute of limitations under Section 92.855 RSMo 2000. We disagree.

Section 92.855 is the statute of limitations provision of the Municipal Land Reutilization Law, contained in Sections 92.700 through 92.920. This statutory framework governs, in part, the foreclosure and resale of delinquent property, such as the property in this case. *Drury Dev. Corp.*, 309 S.W.3d at 348. However, just as we found in the Drury case involving this same property, we find that Section 92.855 does not apply because the title was never properly conveyed to S & P, but rather remained vested with the Commission. *Id.* at 348–49. Section 92.855 is inapplicable because, as a state entity, the Commission's property is not subject to real estate taxation, foreclosure, or resale though the Municipal Land Reutilization Law. *Id.* at 348. Point denied.

### III. CONCLUSION

The judgment of the trial court is reversed as to any judgment against the Assessor and any part of the judgment requiring the repayment of taxes paid by S

& P. The remainder of the judgment is affirmed.

KENNETH M. ROMINES, J., and GARY G. WALLACE, Sp. J., concur.