

# Missouri Court of Appeals
## Southern District
### Division One

BERMAN, DELEVE, KUCHAN & CHAPMAN, LLC, )
        )
        Appellant,    )
        )
    vs.         )   No. SD36233
        )
417 RENTALS, LLC,      )   FILED: April 20, 2020
        )
        Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Jason R. Brown, Judge

**<u>REVERSED</u>**

The law firm Berman, Deleve, Kuchan & Chapman, LLC ("BDKC") appeals the circuit court's judgment setting aside the registration of an order ("the order") by the United States Bankruptcy Court for the Western District of Missouri ("the bankruptcy court") awarding BDKC fees and expenses in the bankruptcy proceeding of 417 Rentals, LLC ("417 Rentals"). BDKC contends that, by setting aside the registration, the circuit court misapplied the law in the following two respects: first, because 417 Rentals failed to comply with the provisions of section 511.760 and Rule 74.14 for setting aside a foreign judgment registration,[1] the trial court had no authority to set aside the registration; and second, because the order was final and

---

[1] All statutory references are to RSMo (2016). All rule references are to Missouri Court Rules (2019).

1

enforceable under federal law, the circuit court's finding that it was not entitled to full faith and credit was erroneous. Finding merit in BDKC's first point and that its resolution is dispositive of this appeal, we reverse the circuit court's judgment.[2]

## Factual and Procedural Background

The following facts are uncontested. On January 18, 2019, BDKC filed in the circuit court an "**AFFIDAVIT OF JUDGMENT CREDITOR AND NOTICE TO JUDGMENT DEBTOR**" ("the registration affidavit"), which identified BDKC as the "Judgment Creditor" and 417 Rentals as the "Judgment Debtor[,]" and contained a certification that a true copy was sent by certified mail, return receipt requested, to 417 Rentals' registered agent. As referenced in the registration affidavit as being attached thereto, a copy of the order was attached to the registration affidavit accompanied by an "Exemplification Certificate" captioned in 417 Rentals' bankruptcy case and signed by the clerk of the bankruptcy court and the bankruptcy judge ("Judge Norton") that certified, among other things, that the attached copy of the order was a true copy of the order "now remaining among the records of the court." The order, captioned in the 417 Rentals' bankruptcy case and entered and filed on January 16, 2019, stated that it was the "Order of the Court SUSTAINING IN PART the Application for Compensation for Ronal S. Weiss, Joel Pelofsky and the firm of [BDKC] in the amount of – Fees: $146,848.50, Expenses: $13,980.57."

---

[2] 417 Rentals filed a motion to dismiss this appeal on the grounds that first, BDKC waived its right to appeal because it did not file an appeal in the bankruptcy court; and second, the order was not a final judgment of the bankruptcy court and, therefore, there was no predicate judgment from which to appeal. BDKC, however, is appealing from the circuit court judgment setting aside a foreign judgment registration. "An order setting aside a registration constitutes a final judgment in favor of the judgment debtor[,]" section 511.760.10, and "[a]n appeal may be taken by either party from judgment or order sustaining or setting aside a registration on the same terms as an appeal from a judgment or order of the same court[,]" section 511.760.11. 417 Rentals' motion to dismiss is denied.

On January 25, 2019, a "**Notice of Filing of Foreign Judgment**" was filed by the clerk of the circuit court and mailed to 417 Rentals. That notice stated, "Enclosed is a copy of a foreign judgment registered in this court under Supreme Court Rule 74.14. This notice is being mailed to you in compliance with Supreme Court Rule 74.14(c)." Beginning in February 2019, BDKC proceeded to engage in garnishment and execution proceedings against 417 Rentals.

More than five months later, on July 15, 2019, 417 Rentals filed a motion, with supporting exhibits, asserting four separate grounds as to why the registration should be set aside ("motion to set aside the registration"). The first ground, proffered under the heading,

"**MOTION TO SET ASIDE AND VACATE FOREIGN JUDGMENT**[,]" asserted that because the order was not a final judgment of the bankruptcy court, it was not a "foreign judgment" entitled to full faith and credit by the courts of the State of Missouri under Rule 74.14.[3]

BDKC filed a response and then a supplemental response opposing 417 Rentals' motion to set aside the registration. BDKC argued, in pertinent part, that none of the proffered grounds raised by 417 Rentals provided a legal basis for setting aside the registration.

---

[3] In its first point, BDKC challenges each of the four grounds asserted by 417 Rentals in its motion to set aside the registration, claiming that none provide a legal basis for setting aside the registration. 417 Rentals' second, third, and fourth grounds, asserted under Rule 74.06(a), Rule 74.06(d), and section 511.200, respectively, were not addressed in the circuit court's judgment. In its brief, 417 Rentals omits any substantive argument that any of these latter three grounds support the circuit court's judgment. Rather, 417 Rentals' only tangentially mentions them in passing asserting that

> [BDKC] rambles on about Rule 74.06 pleading and proof and the trial court's misapplication of facts and law. [BDKC's] arguments in this respect are without merit. [BDKC] goes to great lengths to distort the specific facts and issues and [BDKC's] argument continues as a "smoke and mirrors" approach designed to "muddy the waters." [BDKC] tries to confuse and divert this Court's attention from the relevant issues and actual facts of the case because they do not favor [BDKC].

Instead, the entirety of 417 Rentals' argument on this point is directed exclusively to its contention that the order was not a final judgment of the bankruptcy court as alleged in the first ground of its motion to set aside the registration and as expressly addressed in the circuit court's judgment. Because 417 Rentals has chosen to narrowly confine the parties' dispute to whether the circuit court erred in setting aside the registration on this ground alone, we accordingly eliminate any potential confusion by limiting our discussion to that ground and will not divert our attention to any of 417 Rentals' other alleged grounds in its motion to set aside the registration.

3

Ultimately, the circuit court entered its judgment setting aside the registration on the basis of the first of the four grounds proffered by 417 Rentals in its motion to set aside the registration. Addressing its reasoning, the circuit court stated as follows:

> Court further reviews briefs of counsel, Exhibit(s) and [case law] cited. Court notes the subject Order sought to be registered does not state as to whom or which party the Order applies; does not order any party to pay any amount; has not been affirmed or approved by any other court; was subsequently described by the Bankruptcy Judge as "not a final determination" and "reviewable," pending a subsequent determination. The Order is not entitled to any greater weight in this Court than it has or had in the Bankruptcy Court which rendered it.
>
> The Court thus finds [BDKC]'s [case law] is distinguishable from the procedural facts here. The subject Order is thus not entitled to full faith and credit. For these and other reasons cited by [417 Rentals], [BDKC]'s petition for registration of foreign judgment is now respectfully set aside and otherwise denied.

BDKC timely appeals the circuit court's judgment setting aside the registration.

## Standard of Review

The trial court's determination that the order of the bankruptcy court could not be registered in Missouri as a foreign judgment is a legal conclusion that this Court reviews *de novo*. ***The Cadle Co. II, Inc. v. Hubbard***, 329 S.W.3d 706, 709 (Mo.App. 2010); *see* ***Doctor's Associates, Inc. v. Duree***, 30 S.W.3d 884, 887 (Mo.App. 2000) (trial court decision not to set aside registration is reviewed *de novo*). Additionally, to the extent that the circuit court's judgment was based on docket entries and documents in the court file, we independently review those entries and documents to reach our own conclusions about their legal effect. ***Id.***

## Discussion

In its first point, BDKC contends that 417 Rentals' first alleged ground in its motion to set aside the registration—the order was not a final judgment of the bankruptcy court—was not timely asserted under the requirements of section 511.760 and Rule 74.14 and that, therefore,

4

that claimed defense to the registration cannot serve as a legal basis for the circuit court's judgment setting aside the registration. We agree.

As relevant here, the Uniform Enforcement of Foreign Judgments Law ("the UEFJL"), *see* section 511.760 and Rule 74.14, governs the registration of a foreign judgment in the State of Missouri. "[A]ny judgment, decree or *order* of a court of the United States or of any state or territory which is entitled to full faith and credit in this state" qualifies as a "foreign judgment" for the purposes of the UEFJL. Section 511.760.1(1); Rule 74.14(a) (emphasis added). "Registration of a foreign judgment occurs under [the UEFJL] when an authenticated copy of [the] foreign judgment is filed in the circuit clerk's office." **Food Servs. Corp. v. Rheam**, 145 S.W.3d 484, 489 (Mo.App.2004).

Following registration, "[a] presumption of validity attaches to the foreign judgment which an attacking party has the burden of overcoming." **Gerace v. Conley**, 665 S.W.2d 377, 380 (Mo.App. 1984).

> Any defense, setoff or counterclaim which under the law of this state may be asserted by the defendant in an action on the foreign judgment, may be presented by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions. Such pleadings *must* be filed within thirty days after personal jurisdiction is acquired or within thirty-five days after the mailing of the notice prescribed in subsection 5.

Section 511.760.8 (emphasis added). However, "[i]f the judgment debtor fails to plead within thirty days after jurisdiction over his person has been obtained … the registered judgment shall become *a final personal judgment* of the court in which it is registered." Section 511.760.7 (emphasis added).

Here, the circuit court in its judgment setting aside the registration found that the order was "not a final determination" of the bankruptcy court and, therefore, not entitled to full faith

5

and credit.[4]  The problem with setting aside the registration on this legal basis, however, is that once a properly authenticated copy of the order was filed in the circuit court (and no party in this case claims that the order was *not* properly authenticated), a presumption attached that the order was a *valid* foreign judgment, and the burden shifted to 417 Rentals to plead any defenses rebutting that presumption within applicable time limits.  *See Food Servs. Corp.*, 145 S.W.3d at 489; *Gerace*, 665 S.W.2d at 380.

It is uncontested that the circuit court obtained personal jurisdiction over 417 Rentals when service of process was effectuated in January 2019.  417 Rentals, however, failed to raise any alleged defense until July 2019, several months past the thirty-day time limit for pleading defenses as required by the UEFJL.  *See* sections 511.760.7 and 511.760.8.  Once that time limit expired, the registration became a final judgment.  *See* section 511.760.8.

Our rules provide certain avenues to challenge a final judgment.  *See, e.g.*, Rule 74.05; Rule 74.06.  Additionally, Rule 74.14 provides that a registered foreign judgment "is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a judgment of a circuit court of this state[.]"  However, "Missouri is obligated to give full faith and credit to a judgment of a sister state unless that judgment is void for lack of jurisdiction over the person or over the subject matter, or is obtained by fraud."  *Phillips v. Fallen*, 6 S.W.3d 862, 864 (Mo. banc 1999); *see also* U.S. CONST. Art. 4, sec. 1 ("the Full Faith and Credit Clause").  Therefore, "[t]he statement in Rule 74.14 that a foreign judgment registered in Missouri is subject to the same defenses as a judgment entered in Missouri refers only to the Missouri judgment *registering* the foreign judgment, however, and not to the actual judgment entered in the foreign state."  *Sentinel Acceptance, Ltd., L.P. v. Hodson Auto Sales & Leasing, Inc.*, 45 S.W.3d 464,

---

[4] "Only *final* judgments of a sister state are entitled to full faith and credit."  *Estate of Angevine v. Evig*, 675 S.W.2d 440, 443 (Mo.App. 1984) (emphasis added).

467 (Mo.App. 2001) (emphasis added). "To find otherwise … would significantly broaden the exceptions to the Full Faith and Credit Clause." *Id.* at 467–68.

417 Rentals argues that "[i]t has been, and remains, [417 Rentals'] position that the [order] itself is not a judgment. [417 Rentals] has sought to set aside the registration of the [order][,] not the [order] entered by Judge Norton[,] the rendering court." What 417 Rentals fails to even acknowledge, much less address, however, is that because its motion to set aside registration was not filed within the time provided in section 511.760.8, any ground for setting aside the registration had to conform to the limitations inherent in bringing a challenge to a *final* judgment of this state. *See, e.g.*, Rule 74.05; Rule 74.06.

We express no opinion as to whether 417 Rentals had a valid defense to the registration had that defense been timely raised before the registration became final. However, the defense at issue here—that only final foreign judgments are entitled to full faith and credit—is unmoored to any recognized legal avenue for challenging a final judgment of this state and, therefore, provides 417 Rentals with no cognizable basis to untimely challenge the registration.

Accordingly, the circuit court erred in setting aside the registration on the basis that the order was not a final judgment of the bankruptcy court. BDKC's first point is granted.[5]

### Decision

The circuit court's judgment setting aside the registration of the order is reversed.

GARY W. LYNCH, P.J. – OPINION AUTHOR
NANCY STEFFEN RAHMEYER, J. – CONCURS
WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[5] Because BDKC's first point is dispositive, we need not consider its remaining point. "Issues that are not essential to a disposition of the case should not be addressed." *S & P Props., Inc. v. Daly*, 330 S.W.3d 128, 130 (Mo.App. 2010) (internal quotation marks omitted).